IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-203-BO-1
No. 5:16-CV-951-BO

| | |
|---|---|
| JOHN FOREST ELLINGTON, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 28] and the government's motion to dismiss [DE 32]. The matters are fully briefed and ripe for adjudication. For the following reasons, the government's motion to dismiss is granted and petitioner's § 2255 petition is denied.

## BACKGROUND

On September 15, 2015, petitioner pleaded guilty, without a written plea agreement, to conspiracy to distribute and possess with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 846. [DE 19]. On December 21, 2015, the Court sentenced petitioner to 50 months' imprisonment and 10 years' supervised release. [DE 23, 24]. Petitioner did not appeal his judgment.

On December 27, 2016, petitioner filed the instant motion under § 2255. [DE 28]. In support of his motion to vacate his sentence, petitioner alleges the following claims: (1) ineffective assistance of counsel for coercing petitioner into pleading guilty [DE28 at 4, 6]; (2) ineffective assistance of counsel for allegedly promising that petitioner would be able to reduce his sentence by taking a drug program in prison but failing to challenge a firearm enhancement (which allegedly prevented petitioner from entering the drug program) at

sentencing [DE 28 at 4, 6]; (3) ineffective assistance of counsel for allegedly not adequately nor competently informing petitioner of the facts of his case, the law, and the consequences of pleading guilty; and (4) that petitioner is actually innocent of his offense of conviction [DE 28 at 5, 8–9]. In response, the government filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). [DE 33].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Petitioner raises several claims of ineffective assistance of counsel in support of his motion to vacate his sentence. In order to demonstrate that the assistance of counsel fell below the level of effectiveness guaranteed by the Sixth Amendment, petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Strickland*, 466 U.S. at 697.

To prevail under the prejudice prong of *Strickland* when challenging a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A petitioner must further convince the court that going to trial "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). "The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

Petitioner's first claim alleges that counsel coerced petitioner into pleading guilty. However, petitioner's testimony at arraignment belies this claim. At petitioner's arraignment the Court explained the possible terms of punishment and supervised release associated with each charge, and petitioner stated that he understood the charges and punishments he faced, and that he had read over the plea agreement, discussed it with his lawyer, understood it, and had no questions about it. [DE 38 at 3–6]. Petitioner affirmed, under oath, that he was satisfied with the work his lawyer has done and denied that he was "pressured or forced in any way to plead guilty." *Id.* at 5. The Court considers these statements in light of Fourth Circuit precedent stating, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly

3

contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Accordingly, and in the absence of any allegation of extraordinary circumstances, the Court cannot find that petitioner's counsel was ineffective by coercing petitioner to plead guilty when petitioner affirmed under oath that he was satisfied with counsel's performance and denied under oath that he was coerced or pressured in any way. As there is no deficient performance, this claim of ineffective assistance fails.

Petitioner's second claim alleges that counsel was ineffective for allegedly promising that petitioner would be able to reduce his sentence by taking a drug program in prison but failing to challenge a firearm enhancement at sentencing. Petitioner claims this failure prevented him from entering the drug program. As before, this claim is contradicted by petitioner's sworn statements at his arraignment. At his arraignment, petitioner affirmed, under oath, that he was satisfied with the work his lawyer has done and denied that he was "pressured or forced in any way to plead guilty." [DE 38 at 5]. Petitioner affirmed that he understood that, upon the Court's acceptance of his plea, it would be "final" and he could not "start over again." *Id.* The Court again emphasized that point by saying, "What you do today counts, in other words," and petitioner again answered in the affirmative that he understood. *Id.* Given these statements and the absence of any allegation of extraordinary circumstances, petitioner cannot now claim that his plea was involuntary or that he pled guilty only because of a coercive promise. These statements also establish that petitioner was aware of the finality of his plea, and petitioner cannot claim that he would not have pled guilty on the day of his arraignment based on events that may or may not have occurred at his future sentencing. Additionally, petitioner has not shown, for reasons

discussed further below, that it would have been rational to plead not guilty and proceed to trial. *Ballard*, 792 F.3d at 452. For these reasons, petitioner's second claim fails.

Petitioner also alleges that counsel did not adequately or competently inform petitioner of the facts of his case, the law, and the consequences of pleading guilty. For similar reasons as discussed above, this claim fails because petitioner affirmed, under oath, that he understood the nature of the charges against him and the consequences of pleading guilty. At his arraignment, the Court discussed in detail what rights petitioner would give up by pleading guilty and petitioner affirmed that he understood this and was willing to give those rights up. [DE 38 at 3–6]. The Court also described the charge against petitioner and the punishment petitioner faced as a result of that charge. Petitioner again affirmed that he understood. *Id.* Additionally, petitioner has not alleged any facts which demonstrate that the result of the proceeding would have been different if counsel had acted in a different manner, *Strickland*, 466 U.S. at 694, or to show that it would have been rational under these circumstances to reject the plea bargain. *Ballard*, 792 F.3d at 452.

Petitioner's final claim alleges that he is innocent of his offense of conviction. Because it was not advanced on direct appeal, this claim is procedurally defaulted unless petitioner can show cause and prejudice or actual innocence. *Dretke v. Haley*, 541 U.S. 386, 393 (2004); *United States v. Carter et al.*, 581 F. App'x 206 (4th Cir. 2014) (unpublished). To establish actual innocence, petitioner must be able to show that—in light of all the evidence—it is more likely than not that no reasonable juror would have convicted him. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–328 (1995)). Petitioner has failed to meet this burden. First, petitioner admitted in Court, under oath, that he was actually guilty of the offense of conspiracy to distribute and possess with intent to distribute a quantity of

heroin. [DE 38 at 5–6]. Additionally, the government summarized its evidence against defendant at the arraignment and the pre-sentence report outlined the evidence against petitioner for this charge, and petitioner declined to challenge anything included in those reports. The presentence investigation report ("PRS") indicated, among other things, that petitioner gave an unprotected statement to law enforcement that "prior to the officers['] arrival," he had, among other things, 50 bricks of heroin "delivered to him at his residence" and that he "left the residence with the drugs shortly before officers arrived to retrieve money to pay for the drugs." [DE 21 at 4–5, ¶ 10]. Petitioner cannot show, in light of the evidence described in the PSR and proffered by the government at the arraignment and sentencing, that it is more likely than not that no reasonable juror would have convicted him for this charge. *Bousley*, 523 U.S. at 623. Therefore, this claim also fails.

For these reasons, petitioner cannot state a claim upon which relief may be granted and his § 2255 petition is properly dismissed.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's

dismissal of petitioner's § 2255 motion debatable, the Court declines to grant a certificate of appealability.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 32] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 28] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __7__ day of June, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE